No. 23-1163

# IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

BIU, LLC,

*Petitioner,*

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents.*

## RESPONDENTS' MOTION TO DISMISS AND TO DEFER FILING OF THE RECORD

### INTRODUCTION

Respondents move to dismiss this case for lack of jurisdiction and to defer filing of the certified index to the record pending resolution of this motion. Petitioner BIU purports to seek review of an order of the FCC's Enforcement Bureau under section 402(a) of the Communications Act, which permits litigants to seek judicial review of "any order of the Commission." Pet. 1; 47 U.S.C. § 402(a). But Section 402(a) expressly references section 2342(1) of the Hobbs Act, which vests this Court with jurisdiction to review only "final orders of the Federal Communications

Commission," not orders of its subordinate bureaus. 28 U.S.C. § 2342(1). As made clear by Section 155(c)(7) of the Communications Act, 47 U.S.C. § 155(c)(7), a party seeing to challenge bureau-level action must first seek review with the full Commission as "a condition precedent to judicial review." Because BIU seeks review of a bureau-level order and failed to seek full Commission review, this Court lacks jurisdiction and BIU's petition should be dismissed. *See NTCH, Inc. v. Fed. Commc'ns Comm'n*, 877 F.3d 408, 414 (D.C. Cir. 2017) (dismissing for lack of jurisdiction petition for review from Enforcement Bureau order). And because dismissing the petition would obviate the need to prepare the record, the filing of the certified index to the record should be deferred until this motion is resolved.

## BACKGROUND

1. Between 2002 and 2014, the Commission's International Bureau (now known as the Space Bureau) granted a series of licenses to PanAmSat and its successor, Intelsat License LLC, to launch and operate satellites at the 95 degrees west longitude orbital location (95W).[1]

---

[1] *See Application of PanAmSat Licensee Corporation to Launch and Operate a C/Ku-band Hybrid Replacement Fixed-Satellite Service Satellite*, Stamp Grant, IBFS File No. SAT-LOA- 19990812-0082 (May (cont'd)

In November 2020, a satellite company called Spectrum Five filed a petition with the Commission's Enforcement Bureau alleging that Intelsat's satellites at 95W violated the terms of its licenses and asking the Bureau to initiate proceedings to revoke Intelsat's licenses.[2] Spectrum Five's petition raised a number of allegations, including that Spectrum Five's own satellite authorization at 95W had priority, Intelsat made supposed false certifications in its FCC applications, Intelsat's satellites exceeded certain limits set by its licenses, and Intelsat had falsely accused Spectrum Five of causing interference to Intelsat's operations at 95W.[3]

---

29, 2002); *Application of Intelsat License LLC to Launch and Operate Intelsat 30 Satellite at 95.1 W.L.*, Stamp Grant, IBFS File Nos. SAT-LOA-20121025-00187 and SAT-AMD-20121221-00220 (Aug. 14, 2014) (correction issued Oct. 30, 2014); *Application of Intelsat License LLC to Launch and Operate Intelsat 31 at 95.05° W.L.*, Stamp Grant, IBFS File No. SAT-LOA-20140410-00038 (Nov. 6, 2014).

[2] *See* Petition of Spectrum Five for Enforcement of Operational Limits and for Expedited Proceedings to Revoke Satellite Licenses, Misc. Docket No. INBOX-1.41 (filed Nov. 6, 2020). FCC filings are publicly available at https://www.fcc.gov/ecfs. The docket for the Spectrum Five proceedings may be found at https://www.fcc.gov/ecfs/search/search-filings/results?q=(proceedings.name:(%2220-399%22)).

[3] *See* Spectrum Five Petition at 19-20, 36; Spectrum Five Reply at 21-22.

2. On April 12, 2023, while Commission review of the petition remained pending, counsel of record for Spectrum Five filed a letter withdrawing Spectrum Five's petition.[4] In response, the Enforcement Bureau on April 24, 2023 issued an order dismissing the Petition with prejudice.[5] Neither BIU nor any other party sought Commission review of the Bureau's dismissal order.

3. On June 9, 2023, petitioner BIU filed a letter in the Spectrum Five proceeding alleging that the withdrawal of Spectrum Five's petition was "procured by fraud" at the direction of Spectrum Five executive R. David Wilson.[6] BIU, a lender to Spectrum Five, had not previously participated in the proceeding.

BIU's letter asserted that various loan agreements between BIU and Spectrum Five "appointed BIU as Spectrum Five's true and lawful attorney-in-fact" in the event of a loan default, and that Wilson had

---

[4] *See* Letter from Samuel L. Feder, Counsel for Spectrum Five, LLC, to Marlene H. Dortch, Secretary, FCC, IB Docket No. 20-399 (April 12, 2023).

[5] *See* Spectrum Five LLC, Order, DA 23-345, 2023 WL 3152002 (EB, 2023).

[6] *See* Letter from Michael H. Strub, Jr., Counsel for BIU, LLC, to Loyaan A. Egal, Chief, Enforcement Bureau, FCC, IB Docket No. 20-399 (June 9, 2023) (BIU Letter).

"agreed not to interfere with" BIU's "lobbying efforts . . . on behalf of" Spectrum Five's satellite rights. *Id*. The letter claimed Spectrum Five's counsel of record and Wilson "had no authority to withdraw the Petition," and thus asked the Bureau to "set aside the Order, reinstate the Petition, and reopen the docket." *Id*.

4. On August 11, 2023, the Enforcement Bureau sent a letter of inquiry to Spectrum Five and its counsel asking them to respond to the allegations in BIU's June 9 letter. *See* Letter from Loyaan A. Egal, Chief, Enforcement Bureau, to, Samuel L. Feder, Counsel for Spectrum Five, LLC, FCC, IB Docket No. 20-399 (August 11, 2023). The Bureau requested a response no later than August 25, 2023.

## ARGUMENT

1. This Court should dismiss BIU's petition for lack of jurisdiction.

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Section 402(a) of the Communications Act, in tandem with section 2342(1) of the Hobbs Act, authorizes this Court to review only an "order of the Commission." 47 U.S.C. § 402(a). As this Court has recognized, a staff-level decision is not such an order. *See, e.g.*, *NTCH*,

877 F.3d at 412; *Mobilfone Serv., Inc. v. F.C.C.*, 79 F. App'x 445, 446 (D.C. Cir. 2003). Indeed, as Congress has instructed, when the Commission delegates its functions to bureau staff, "[t]he filing of an application for review" with the full Commission "shall be a condition precedent to judicial review of any [bureau] order, decision, report, or action." 47 U.S.C. § 155(c)(7). "In light of these statutory provisions, it is well established that 'a petition for review filed after a bureau decision but before resolution by the full Commission is subject to dismissal as incurably premature.'" *NTCH*, 877 F.3d at 412 (quoting *Int'l Telecard Ass'n v. F.C.C.*, 166 F.3d 387, 388 (D.C. Cir. 1999)).

So too here. As the April 24, 2023 dismissal order states, it was adopted by the Chief of the Enforcement Bureau acting on delegated authority, not by the full Commission.[7] And as BIU acknowledges, Pet. 2, the only action it has taken before the agency was to submit a letter raising its concerns with the Enforcement Bureau on June 9, 2023—past the 30-day deadline to file an application for Commission review of the

---

[7] *See* Spectrum Five LLC, Order, DA 23-345, 2023 WL 3152002 (EB, 2023) ("Adopted: April 24, 2023 / By the Chief, Enforcement Bureau"; "This action is taken pursuant to authority delegated by sections 0.111 and 0.311 of the Commission's rules").

- 6 -

April 24 dismissal order. *See* 47 C.F.R. § 1.115(d). Before this Court, BIU seeks review of a Bureau order that did not go before the Commission. Meanwhile, BIU has failed to exhaust administrative remedies. Thus, this Court lacks jurisdiction to consider the merits of the petition and should dismiss. *NTCH*, 877 F.3d at 412.

2. In its petition, BIU identifies no valid basis for this Court to exercise jurisdiction over the Enforcement Bureau's April 24 dismissal order. BIU points to two examples where the Commission's Wireless Telecommunications Bureau has considered reopening proceedings because of alleged fraud on the agency. Pet. at 6-7 (citing *In the Matter of Champion Communications Services, Inc.*, 15 FCC Rcd. 12832 (WTB 2000); *In the Matter of American Industrial Door, Inc.*, 16 FCC Rcd. 16300 (WTB 2001)). But those orders merely establish that an FCC bureau may "consider taking action on [its] own motion in cases where there is possible fraud on the Commission's processes." *Am. Indus. Door,* 16 FCC Rcd. at 16302. They bring BIU no closer to establishing an avenue for judicial review of the Bureau dismissal order here, especially where the Bureau has asked Spectrum Five to respond to BIU's allegations. *See supra* 5.

BIU's reliance on Fed. R. Civ. Proc. 60 is likewise misplaced. Rule 60(b)(3) provides that a federal court "may relieve a party or its legal representative from a final judgment, order, or proceeding" of that court for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." *Id*. But Rule 60 does not grant authority to consider a collateral attack on a bureau-level agency decision that otherwise fails to meet the statutory requirements for judicial review. *Cf. Klayman v. Rao*, 49 F.4th 550, 553 n.3 (D.C. Cir. 2022) (noting that Rule 60 "does not affirmatively grant the courts any authority" nor permit a party to "collaterally attack another federal court's judgment under Rule 60(d)(1)").

# CONCLUSION

The petition should be dismissed.

Dated: August 14, 2023

Respectfully submitted,

Jonathan S. Kanter
  *Assistant Attorney General*

Robert B. Nicholson
Matthew C. Mandelberg
  *Attorneys*

U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
950 Pennsylvania Ave. NW
Washington, DC 20530

*Counsel for Respondent
  United States of America*[8]

P. Michele Ellison
  *General Counsel*

Jacob M. Lewis
  *Associate General Counsel*

/s/  *Adam L. Sorensen*

Adam L. Sorensen
  *Counsel*

FEDERAL COMMUNICATIONS
  COMMISSION
45 L Street NE
Washington, DC 20554
(202) 418-1740
fcclitigation@fcc.gov

*Counsel for Respondent Federal
  Communications Commission*

---

[8]  Filed with consent pursuant to D.C. Circuit Rule 32(a)(2).

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and D.C. Circuit Rule 32(e)(1):

    ☒ this document contains <u>1,461</u> words, *or*

    ☐ this document uses a monospaced typeface and contains _____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒ this document has been prepared in a proportionally spaced typeface using <u>Microsoft Word for Office 365</u> in <u>14-point Century Schoolbook</u>, *or*

    ☐ this document has been prepared in a monospaced spaced typeface using _____ with _____.

/s/ *Adam L. Sorensen*
Adam L. Sorensen
*Counsel for Respondent*
*Federal Communications Commission*

# Exhibit A



# Federal Communications Commission
## Washington, D.C. 20554

August 11, 2023

Samuel L. Feder
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001-4412
SFeder@jenner.com

   RE: IB Docket No. 20-399: Spectrum Five, LLC – Petition for Enforcement of Operational Limits and for Expedited Proceedings to Revoke Satellite Licenses

Dear Mr. Feder:

  On April 12, 2023, you filed a letter as counsel for Spectrum Five LLC in the above-captioned proceeding withdrawing Spectrum Five's "Petition for Enforcement of Operational Limits and for Expedited Proceedings to Revoke Satellite Licenses."[1] In response, the Commission's Enforcement Bureau on April 24, 2023 released an Order dismissing the Petition with prejudice.[2] On June 9, 2023, BIU, LLC ("BIU") filed a letter in the above-captioned proceeding alleging that the withdrawal of the Petition was "procured by fraud" at the direction of R. David Wilson.[3] We hereby provide you and Mr. Wilson with an opportunity to respond to the allegations in the BIU Letter. Please provide us with your response no later than Friday, August 25, 2023.

  Please contact the undersigned with any questions about this matter.

         Sincerely,

         */s/ Loyaan A. Egal*

         Loyaan A. Egal
         Chief, Enforcement Bureau

cc: Michael H. Strub, Jr., Counsel for BIU, LLC (mstrub@ggtriallaw.com)
   Amir A. Shakoorian, Counsel for BIU, LLC (ashakoorian@ggtriallaw.com)
   Jennifer D. Hindin, Counsel for Intelsat (JHindin@wiley.law)

---

[1] *See* Letter from Samuel L. Feder, Counsel for Spectrum Five, LLC, to Marlene H. Dortch, Secretary, FCC, IB Docket No. 20-399 (April 12, 2023); Petition of Spectrum Five for Enforcement of Operational Limits and for Expedited Proceedings to Revoke Satellite Licenses, IB Docket No. 20-399 (filed Nov. 6, 2020) (Petition).

[2] *See* Spectrum Five LLC, Order, DA 23-345, 2023 WL 3152002 (EB, 2023).

[3] See Letter from Michael H. Strub, Jr., Counsel for BIU, LLC, to Loyaan A. Egal, Chief, Enforcement Bureau, FCC, IB Docket No. 20-399 (June 9, 2023) (BIU Letter).