No. 23-1163

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

BIU, LLC,

*Petitioner,*

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents.*

## RESPONDENTS' REPLY IN SUPPORT OF DISMISSAL

Respondents moved to dismiss this case for lack of jurisdiction because Petitioner BIU sought review of a bureau-level order, not an "order of the [Federal Communications] Commission." Motion to Dismiss 1-2; 47 U.S.C. § 402(a). In opposition, BIU does not meaningfully contest that point, nor does it purport to identify any basis for this Court's jurisdiction. Instead, Petitioner asserts that this Court should "hold in abeyance issuing a ruling on the Motion to Dismiss until the Commission has confirmed or denied BIU's understanding" of how to properly pursue its desired relief before the agency. Opp. 4. That is not a valid basis for this Court's jurisdiction. The Petition should be dismissed.

## ARGUMENT

As explained in Respondents' motion to dismiss, "it is well established" that this Court lacks jurisdiction to review a bureau-level order when the Petitioner has not first sought full Commission review. Motion to Dismiss 5-6 (quoting *NTCH, Inc. v. Fed. Commc'ns Comm'n*, 877 F.3d 408, 412 (D.C. Cir. 2017)). BIU acknowledges this defect, *see* Opp. 2, but fails to explain why it does not compel dismissal here. Without citation, BIU asserts that "[i]t cannot be the case that BIU cannot appeal to the full Commission because the deadline to do so has passed, and cannot seek review in this Court, because it has not appealed to the full Commission." MTD Opp. 2-3. But that is the outcome Congress has directed by making Commission review "a condition precedent to judicial review," 47 U.S.C. § 155(c)(7).

It is irrelevant that "[a]t the time BIU filed the Petition for Review, it believe[d] that it had exhausted its administrative remedies." Opp. 2. BIU's belief cannot change the fact that it did not seek full Commission review, a statutory precondition to this Court's review of the dismissal order challenged here. 47 U.S.C. § 155(c)(7). And notwithstanding whether the Enforcement Bureau issues a future order addressing BIU's

- 2 -

fraud allegations, BIU cannot proceed with *this* Petition for Review of the April dismissal order, which never went before the full Commission.

It is also beside the point that BIU "did not receive [actual] notice that [Spectrum Five's] Petition had been withdrawn until after the 30-day deadline to appeal to the full Commission. . . had expired" (Opp. 3), because BIU had much earlier constructive notice. Spectrum Five's withdrawal letter and the Enforcement Bureau's dismissal order were published on the public docket for the Spectrum Five proceeding on April 12, 2023 and April 24, 2023 respectively. *See* Letter from Samuel L. Feder, Counsel for Spectrum Five, LLC, to Marlene H. Dortch, Secretary, FCC, IB Docket No. 20-399 (April 12, 2023); Spectrum Five LLC, Order, DA 23-345, 2023 WL 3152002 (EB, 2023). BIU thus had to appeal to the Commission within 30 days of April 24, 2023—i.e., by May 24, 2023. It failed to do so, apparently because it was unaware of the pertinent docket entries. That is no excuse, however, because, as an interested party, BIU "is chargeable with constructive knowledge of properly issued public notices impinging on its interests." *D.C. Transit Sys., Inc. v. United States*, 717 F.2d 1438, 1442 (D.C. Cir. 1983) (citing example of public notices issued by the FCC). In any event, BIU does not explain (let alone cite authority supporting) how a lack of notice would supply this Court

with jurisdiction to review a bureau-level order that otherwise does not meet the statutory criteria for judicial review.

## CONCLUSION

The petition should be dismissed.

Dated: September 14, 2023

Respectfully submitted,

Jonathan S. Kanter
   *Assistant Attorney General*

Robert B. Nicholson
Matthew C. Mandelberg
   *Attorneys*

U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
950 Pennsylvania Ave. NW
Washington, DC 20530

*Counsel for Respondent
   United States of America*[1]

P. Michele Ellison
   *General Counsel*

Jacob M. Lewis
   *Associate General Counsel*

/s/  *Adam L. Sorensen*

Adam L. Sorensen
   *Counsel*

FEDERAL COMMUNICATIONS
   COMMISSION
45 L Street NE
Washington, DC 20554
(202) 418-1740
fcclitigation@fcc.gov

*Counsel for Respondent Federal
   Communications Commission*

---

[1] Filed with consent pursuant to D.C. Circuit Rule 32(a)(2).

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and D.C. Circuit Rule 32(e)(1):

   ☒ this document contains <u>834</u> words, *or*

   ☐ this document uses a monospaced typeface and contains _____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒ this document has been prepared in a proportionally spaced typeface using <u>Microsoft Word for Office 365</u> in <u>14-point Century Schoolbook</u>, *or*

   ☐ this document has been prepared in a monospaced spaced typeface using _____ with _____.

<u>/s/ Adam L. Sorensen</u><br>
*Counsel for Respondent*<br>
*Federal Communications Commission*